UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

EMMETT MADISON GRAHAM, Jr.,   §
                              §
     Plaintiff,               §
                              §
vs.                           §   Civil Action No. 08-40208-MBB
                              §
CAROLYN A. SABOL, WARDEN,     §
                              §
     Defendant[s].            §


EMMETT MADISON GRAHAM'S PRO SE
MOTION TO SUPPLEMENT HIS PENDING
ACTION FILED PURSUANT TO 28 U.S.C. § 2241
WITH MATERIAL FACTS
TEMPORARY RESTRAINING ORDER RULE 65(b)


NOW COMES, Emmett Madison Graham, Jr., proceeding pro se[2], and in propria persona in the above styled action and numbered cause, to respectfully moves this most Honorable Court with his supplement of material facts in support of his pending claims pursuant to an action under 28 U.S.C. § 2241. In further support of Graham's claims for relief he hereby avers as follows:

This is my supplementation to motion/petition for a "Temporary Restraining Order" Graham is being forced to eat food "Ground up like Garbage."

n.2  Haines v Kerner, 404 U.S. at 519. holding that pro se pleadings filed by prisoners are to be held to a less stringent standard than those filed by attorneys.

1)     Graham hereby adopts the claims and argument previously
made in his original § 2241 pleading in and to this Court.
The gravemen of this supplement presents material facts
that will affirmatively bolster his claims of deliberate
indifference by Federal Bureau of Prisons (FBOP) medical
and administrative staff to his serious and compelling medical
health needs.

2)     That this supplement to the original action is
based on facts material to the original medical health claims,
but were not discovered until recently. To be more specific,
Graham has asserted a claim about being subjected to serious
back pain that was a direct result of injuries sustained
within the FBOP.

3)     That on or about August, 1991 an invasive surgical
procedure was performed upon Graham subsequent to the surgery
Graham has been complaining through written and verbal action
to said defendants that the back/stomach pains he is experiencing
should be looked at.

4)     That as a result of Graham's compelling x-ray
to be taken of his back/stomach in the area of the pain,
it was discovered that "surgical material" was left inside
his body from an operation. [See Exhibit A]. Further, that
this "surgical material" is the proximate cause of Graham's
severe pain and suffering and has caused additional medical
problems to occur.

-2-

5)     That this new claim asserted in this supplement relates back to the original pleading as to the failure of the FBOP to provide needed...medical care or other correctional treatment in the most effective manner in violation of 18 U.S.C. § 3553(a)(2)(D).

6)     That this action is a request for leave to file a supplemental complaint pursuant to Rule 15(b) of the Federal Rules of Civil Procedure, but there are no new defendants to be further served at this time. That Rule 15(b) Fed.R.Civ.P. is also applicable in this request in part, as the issues were originally raised as to the medical deliberate indifference of the defendant(s). The continuing wrong is the fact that not only is the FBOP aware of the "surgical material" that was left in Graham's body and is causing severe reative pain, but they have been further deliberately indifferent with the failure to remove said "surgical material" through corrective surgery. See, Gregg v Georgia, 173, 96 S.Ct. at 2925 (joint option) proscribed by the 8th Amendment, that deliberate indifference to the medical needs of an inmate constitutes "unnecessary and wanton infliction of pain."

7)     The Supreme Court has described deliberate indifference as a state of mind. See, Wilson v Seiter, 510 U.S. at 303, 111 S.Ct. at 2326, and th eevidence of prison personnel's bad motives or attitude may show deliberate indifference. See also, Hill v Marshall, 962 F.2d. 1209, 1214 (5th Cir

-3-

1992) "The defendant's failure to do his job...was so likely
to result in the violation of the inmate's constitutional
rights that we find he was deliberately indifferent...'
cert.denied, S.Ct. 2992 (1993).

8)    The duty of the Federal Bureau of Prisons to
provide medical care to persons under their care and custody
was clearly established in Estelle v Gamble. 429 U.S. 97.
50 L.Ed.2d. 251. 97 S.Ct. 285 (1976), where it was held
(inpertinent part):

> Deliberate indifference  to a prisoner's serious medical
> needs constitutes cruel and unusual punishment under
> the Eighth Amendment and gave rise to a civil rights
> cause of action under 42 U.S.C. § 1983, regardless
> of whether the indifference was manifested by prison
> doctors in their response to the prisoner's needs
> or by prison guards in intentionally denying or delaying
> access to medical care or intentionally interfering
> with treatment once prescribed. Id.

It was also held that:
> The cruel and unusual punishment clause of the Eighth
> Amendment proscribes more than physically barbarous
> punishments: the Amendment embodies broad and idealistic
> concepts of dignity, civilized standards, humanity,
> and decency, against which penal measures must be evaluated.
> ...punishment which are incompatible with the evolving
> standards of decency that mark the of a maturing society,
> or which the unnecessary or wanton infliction of pain,
> are repugnant to the cruel and unusual punishment
> clause of the Eighth Amendment.
> Elementry principles of the cruel and unusal punishment
> clause of the Eighth Amendment establish the government's
> obligation to provide medical care for those whom it
> is punishing by incarceration. Id

9)   To substantiate plaintiff's contention that relief
is warranted based on the blatant violation of the Eighth
Amendment, plaintiff cites precedent of the Second Circuit
which has ruled expicitly that undue pain and suffering,
non-treatment of serious medical conditions, and deliberate
indifference to prisoner's medical needs will not be tolerated
in Harrison v Barkley, 219 F.3d. (2nd Cir 2000) that:

-4-

"This is not a case of delayed treatment as the dissent
suggest. Defendant's conduct on this record can be
construed as: (1) a flat refusal of medical treatment
for a condition that if left untreated is serious and
painful: or (2) a conditional refusal of such treatment
subject to Harrison's consent to undergo an unwanted
medical procedure that would deprive him of a body
part he wished to keep. Either way, a reasonable jury
could find that Harrison was refused treatment of a
degenerative condition that tends to cause acute
infections, debilitating pain and tooth loss if left
untreated. On these facts, we find that Harrison was
suffering from a sufficiently serious condition as
defined in this Circuit. See Chance, 143 F.3d. at 702,
defining as "serious"conditions "a reasonable doctor
or patient would find important and worthy of comment
or treatment" (interanl quotation marks omitted).
(Emphasis on the original and in the pertinent part)

    10)    To further expond on plaintiff's argument, he

cites Phelps v Kapnolas, 308 F.3d. 108 (2d Cir 2002) where

the Court stated, in pertinent part:

    "In the instant case, Phelps's amended complaint
    alleged a claim under the Eighth Amendment, which
    applies to the States through the Fourteenth
    Amendment, Robinson v California, 370 U.S. 660, 82
    S.Ct. 1417, 8 L.Ed.2d. 758 (1992), and enjoins them
    from inflicting "Cruel and Unusual Punishments."
    U.S. Const. Amend. VIII. Forbidden punishment
    include those that "involve the unnecessary and
    wanton infliction of pain." Estelle v Gamble, 429
    U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d. 251 (1976)
    [quoting Gregg v Georgia, 428 U.S. 153, 173, 96
    S.Ct. 2909. 49 L.Ed.2d. 859 (1976) (joint opinion)].
    The infliction of pain is unnecessary and wanton,
    for instance, when it is "totally without penological
    justification." Hope v Pelzer, 536 U.S. 730, 122 S.Ct.
    2508, 2514, 153 L.Ed.2d. 666 (2002)[quoting Rhodes
    v Chapman, 452 U.S. 337, 346, 101 S.Ct. 2392, 69 L.Ed.2d.
    59 (1981)].

The conditions of a prisoner's confinement can give rise to an Eighth Amendment violation. Farmer, 511 U.S. at 25, 114 S.Ct. 1970 [citing Helling v McKinney, 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d. 22 (1993); Wilson v Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d. 271 (1991); Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d. 251 (1976)]. In such cases, a prisoner may prevail only where he proves both an objective element—that the prison officials' transgression was "sufficiently serious"—and a subjective element—that the officials acted, or omitted to act, with a "sufficiently culpable state of mind," i.e., with "deliberate indifference to inmate health or safety." Farmer, 511 U.S. at 25, 114 S.Ct. 1970(citations andinternal quotation marks omitted).

Regarding the "objective" requirement, the Supreme Court has explained that while the Constitution "does not mandate comfortable prisons," Rhodes, 452 U.S. at 349, 101 S.Ct. 2392, prisoners may not be denied "the minimal civilized measures of life's necessities." Id. at 347, 101 S.Ct. 2392. Under the Eighth Amendment, States must not deprive prisoners of "basic human needs—e.g., food, clothing, shelter, diet, medical care, and reasonable safety." Heller, 509 U.S. 32, 113 S.Ct. 2475 (citations and internal quotation marks omitted). Nor may prison officials expose prisoners to conditions that "pose an unreasonable risk of serious damage to [their] future health." Id. at 35, 113 S.Ct. 2475. Ultimately, to establish the objective element of an Eighth Amendment claim, a prisoner must prove that the conditions of his confinement violate contemporary standards of decency. Id. at 35-36, 113 S.Ct. 2475; Rhodes, 452 U.S. at 347, 101 S.Ct. 2392.

Concerning the "subjective"requirement, the Supreme Court has explained that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." Farmer, 511 U.S. at 837, 114 S.Ct. 1970. This "deliberate indifference" element is equivalent to the familiar standard of "recklessness" as used in criminal law. Id. at 839-40, 114 S.Ct. 1970. "Whether a prison official had the requisit knowledge of a substantial risk is a question of fact subject to demonstrate in the usual ways, including inference from circumstantial evidence,...and a fact finder may conclude that a prison official knew of a substantial risk from the very fact that his risk was obvious." Id. at 842, 114 S.Ct. 1970.

11)    In a more recent decision of Phelps v Kapnolas,
308 F.3d. 108 (2nd Cir 2002), the Second Circuit held that
regarding the "objective test" for showing violation of
a prisoner's Eighth Amendment rights, the following (in
pertinent part):

Brock v Wright, 315 F.3d. 158 (2nd Cir 2002) There
is no settled, precise metric to guide a court in its estimation
of the seriousness of a prisoner's medical condition. In
many cases, however, we have set forth factors that should
guide the analysis. Thus in Chance v Armstrong, [315 F.3d.
158 (2nd Cir 2002)] we referred to a non-exhaustive list
of such factors, including (1) whether a reasonable doctor
or patient would preceive the medical need in question
as "importantly and worthy of comment or treatment," (2)
whether the medical condition significantly affects daily
activities, and(3) "the existence of chronic and substantial
pain." 143 F.3d. at 702 (citing and quoting McGuckin v
Smith, 974 F.2d. 1050, 1059-60 (9th Cir 1992).

12)    In Chance, the prisoner's unresolved dental
condition, which caused him great pain, difficulty in eating,
and deterioration of the health of his other teeth, was
held to be sufficiently serious to meet the Estelle standard.
See Id. at 702, 703. Similarly, we have held that a tooth
cavity is serious medical condition, not because cavities
ar always painful or otherwise dangerous, but because a
cavity that is not treated will probably become so. See
Exhibit B.

-7-

13)    Defendants are discriminating and treating Graham different from other inmates here at Devens in the similarly situated. This is nothing but retaliation for Graham filing this lawsuit and his administrative remedies.[See Exhibit C.] Instead of giving Graham the surgery needed Graham has been giving a mechanical soft diet and being forced to eat food ground up like food you feed pigs. On 3-19-09 Graham took his food tray and showed it to Warden Sabol at main-line, and told her that he could not eat food like that and pleaded with her to at least keep the different foods seperated not mixed all together like garbage.

Warden Sabol just smiled and said, "we don't have to seperate it. Eat it like it is or do without." Which I have lost 20lbs over the last two months. That by all reasonable apperances the food that was made available for Graham was ground up in a retaliatory manner like the slop that is fed to pigs.

14)    Defendants denied Graham request to call witnesses to these incidents report. See Exhibit D-E, as was stated in the original complaint this is denying his due process rights to go along with false incident report. See Pino v Dalsheim, 605 F.Supp. at 1318.

15)    Defendant's has/is denied Graham his administrative remedies. See Exhibit F-G. This is just a few of the remedies "frustrative" by the defendant's, Graham has had Exhibit G, in for over a year, about being kept over 500 miles from home, and is still getting the (spin).

-8-

## CONCLUSION

Plaintiff Graham motions for a Temporary Restrianing
Order and evidentiary hearing Plaintiff deems that it is
necessary.

Graham motions this Court to put him on house arrest
to get proper medical care due to the fact Graham is not
getting the proper care here at Devens and he only has .8
months left.

Plaintiff ask that the Court move to grant any other
relief deemed necessary and proper to avoid this comple e
miscarriage of justice, and plaintiff thanks this Court
for its time in this case.

Respectfully submitted,

Emmett Madison Graham, Jr.
Reg. No. 17490-056
FMC Devens
P.O. Box 879
Ayer, MA 01432

-9-

I, Emmett Madison Graham.,Jr., declare and certify under penalty of perjury that the foregoing facts, statements, and declarations that I wish the Court to consider are true and correct.

I, __Emmett Madison Graham, Jr.__ , certify that on __19 March__, 200 9 I mailed a copy of this document and all attachments via First Class mail to the following parties at the addresses listed below:

Clerk of Courts
United States District Court
1 Courthouse Way, Suite 2300
Boston, MA 02210

Christine J. Wichers
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210

# PROOF OF SERVICE FOR INCARCERATED LITIGANTS

I certify that this document was given to officials[1] on this date for forwarding to the United States District Court for the District of __Massachusetts__ . I further certify under penalty of perjury that the forgoing is true and correct. **Title 28 U.S.C. § 1746.**

Respectfully submitted this __19__ day of __March__, 200 9.

Name: __Emmett Madison Graham__, Jr.

Number: __#17490-056__

FMC Devens, Unit __1 - A__

P.O. Box 879

Ayer, Massachusetts 01432

---

1 Pleadings by prisoners who represent themselves are to be considered filed at the moment such pleadings are delivered to prison authorities for forwarding to clerk. Houston v Lack. 487 U.S. 266 (1988).