```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

EMMET MADISON GRAHAM, JR.,
    Petitioner,

v.                                                     CIVIL ACTION NO.
                                                            08-40208-MBB

CAROLYN A. SABOL,
UNITED STATES and
HARLEY LAPPIN,
    Respondents.

**MEMORANDUM AND ORDER RE:**
**MOTION TO SCHEDULE A BAIL BOND HEARING**
**(DOCKET ENTRY # 56)**

**March 9, 2010**

**BOWLER, U.S.M.J.**

      Petitioner Emmet Madison Graham, Jr. ("petitioner"), an inmate at the Federal Medical Center in Ayer, Massachusetts ("FMC Devens"), initially filed this action as a habeas petition against respondent Carolyn A. Sabol ("Sabol"), Warden of FMC Devens, pursuant to 28 U.S.C. § 2241 ("section 2241").  By virtue of allowing a motion to amend (Docket Entry # 6), a motion to amend to add the United States of America ("the United States") and Harley Lappin ("Lappin") as respondents (Docket Entry # 11) and a subsequently filed motion to withdraw various claims (Docket Entry # 35), this action presently consists of an Eighth Amendment denial of medical care claim against Sabol, the United States and Lappin.  In particular, petitioner alleges he "was dropped when being transported to the hospital to have his

battery replaced" and he suffered a heart attack in 2003. (Docket Entry # 6, ¶ 6; Docket Entry # 35, p. 3; Docket Entry # 40).

Petitioner is currently serving sentences on federal drug convictions. In August 2001, the United States District Court for the Eastern District of North Carolina, Southern Division, resentenced petitioner to a 175 month term. (Docket Entry # 12, Ex. 1, ¶ 3 & Att. A).

On February 17, 2010, petitioner filed a motion for this court to schedule a bail hearing pointing out that he is due for release in October 2010. (Docket Entry # 56). To further establish extraordinary circumstances to support a release until issuance of a decision on the section 2241 petition,[1] petitioner identifies a deterioration of his medical condition in the last two months and a filing of false affidavits on the part of unnamed officers of the Federal Bureau of Prisons.

## DISCUSSION

Only exceptional circumstances coupled with a finding of

---

[1] In September 2009, this court advised the parties it would treat a motion to dismiss or in the alternative a motion for summary judgment filed by Sabol (Docket Entry # 11) as a motion for summary judgment and afforded the parties additional time to submit supporting material. (Docket Entry # 40). In October 2009, Lappin filed a summary judgment. (Docket Entry # 41). This court will issue a report and recommendation on pending dispositive motions as well as rulings on pending non-dispositive motions.

substantial questions raised in a section 2241 habeas petition warrant release on bail during the pendency of the petition before the district court.  See Aronson v. May, 85 S.Ct. 3, 5 (1964) (section 2241 petitioner seeking bail pending appeal of petition's denial); see also Calley v. Callaway, 496 F.2d 701, 702 (5th Cir. 1974) (bail for military prisoner pending habeas review proper "only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective"); see generally Land v. Deeds, 878 F.2d 318, 319 (9th Cir. 1989) (bail pending habeas review under 28 U.S.C. § 2254 ("section 2254") reserved for extraordinary cases);[2] Sylvester v. Bellizi, 2008 WL 2783525, *1 (D.Vt. 2008) (section 2254 petitioner "must demonstrate that the habeas petition raises substantial claims and that extraordinary circumstances exist that make the grant of bail necessary to make the habeas remedy effective").  The basis for an extraordinary showing is that petitioner stands convicted and sentenced by a court of law.  See Aronson v. May, 85 S.Ct. at 5.  In the context of an appeal from a denial of a section 2241 petition, the Aronson Court reasoned:

> This applicant is incarcerated because he has been tried, convicted, and sentenced by a court of law.  He now attacks

---

[2] Section 2254 petitions raise additional concerns of the comity afforded state court convictions.

>   his conviction in a collateral proceeding.  It is obvious
>   that a greater showing of special reasons for admission to
>   bail pending review should be required in this kind of case
>   than would be required in a case where applicant had sought
>   to attack by writ of habeas corpus an incarceration not
>   resulting from a judicial determination of guilt.  Cf.
>   Yanish v. Barber, 73 S.Ct. 1105, 97 L.Ed. 1637 (1953).  In
>   this kind of case it is therefore necessary to inquire
>   whether, in addition to there being substantial questions
>   presented by the appeal, there is some circumstance making
>   this application exceptional and deserving of special
>   treatment in the interests of justice.

Aronson v. May, 85 S.Ct. at 5.

The filing of purportedly false affidavits in a Bivens[3] action, Graham v. United States of America et al, Civil Action No. 08-40113-RGS, does not provide a basis to release petitioner in a section 2241 proceeding.  Likewise, the near prospect of completion of a federal sentence is not exceptional and does not justify a release pending a determination of a section 2241 petition.  See generally Bergmann v. McCaughtry, 857 F.Supp. 640, 641 (E.D.Wis. 1994) (willingness to abide by terms of release does not justify release on bail pending habeas decision). Having fully considered petitioner's medical condition, petitioner fails to show he is gravely ill even assuming for purposes of argument that such a condition might merit release. See Freeman v. Trombley, 2009 WL 777888, *6 (E.D.Mich. March 20, 2009) (noting grave illness as possible exceptional circumstance justifying release on bond pending section 2254 review).  In sum,

---

[3] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

4

considering all of the bases for release, individually as well as collectively, they do not justify scheduling a bail hearing or setting bail.

## CONCLUSION

For the foregoing reasons, the motion to schedule a bail hearing (Docket Entry # 56) is **DENIED**.

                                       /s/ Marianne B. Bowler
                                      **MARIANNE B. BOWLER**
                                      United States Magistrate Judge